IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PETER M. DOBBS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. ) | Civil Action No. 09-272-J |

ORDER

AND NOW, this 31st day of January, 2011, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse,

merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

As stated above, substantial record evidence supports the decision of the Administrative Law Judge ("ALJ") that Plaintiff was not disabled under the Social Security Act (the "Act") during the period in which Plaintiff met the non-disability requirements for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. In so finding, the Court notes that although Plaintiff argues that the ALJ improperly determined that several of his alleged impairments were non-severe at Step Two of the five-step sequential evaluation process defined by the Act, this is not really the issue. The Step Two determination as to whether Plaintiff is suffering from a severe impairment is a threshold analysis requiring the showing of only one severe impairment. See Bradley v. Barnhart, 175 Fed. Appx. 87, 90 (7th Cir. 2006). In other words, as long as a claim is not denied at Step Two, it is not generally necessary for the ALJ to have specifically found any additional alleged impairment to be severe. See Salles v. Commissioner of Soc. Sec., 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007); Lee v. Astrue, 2007 WL 1101281, at *3 n.5 (E.D. Pa. Apr. 12, 2007); Lyons v. Barnhart, 2006 WL 1073076, at *3 (W.D. Pa. March 27, 2006). Since Plaintiff's claim was not denied at Step Two, it does not matter whether the ALJ correctly or incorrectly found Plaintiff's other alleged impairments to be non-severe.

However, even if an impairment is non-severe, it may still affect a claimant's residual functional capacity ("RFC"). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, *even those that are not 'severe.'*" S.S.R. 96-8p, 1996 WL 374184 (S.S.A.), at *5 (July 2, 1996) (emphasis added). See also 20 C.F.R. § 404.1545(a)(2). "While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may – when considered with limitations or restrictions due to other impairments – be critical to the outcome of a claim." S.S.R. 96-8p at *5. Accordingly, merely because the ALJ did not find Plaintiff's heart blockage, chronic sleep apnea, diabetes mellitus, hearing loss, and depression to be severe, does not mean that these conditions could not still have affected Plaintiff's RFC.

Nonetheless, the ALJ thoroughly evaluated the effects of these alleged impairments, and substantial evidence supports his finding that they did not impact Plaintiff's RFC. In so finding, the Court notes that although an ALJ cannot summarily reject medical evidence simply because the source has shown a certain pattern in other cases casting doubt on his or her credibility, the ALJ can consider this pattern of similar findings in other cases in weighing the credibility of the evidence. See Miller v. Commissioner of Soc. Sec., 172 F.3d 303 (3d Cir. 1999); Williams v. Sullivan, 970 F.2d 1178, 1185 n.5 (3d Cir. 1992). Here, the ALJ did not afford significant weight to the opinion of Dr. Daniel Palmer, Ph.D., who performed a consultative examination of Plaintiff and provided an opinion regarding Plaintiff's ability to engage in certain work-related activities in which he found Plaintiff to have marked restrictions in a number of work-related activities and stated that he "possess[ed] questions regarding [Plaintiff's] capacity to accurately process, retain, and implement directives, to sustain attention to tasks, and to tolerate stressors in

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 14) is DENIED and defendant's Motion for Summary Judgment (document No. 16) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

the environment." In so doing, the ALJ noted that "Dr. Palmer frequently reports 'marked' work-related restrictions and frequently possesses questions regarding a claimant's ability to perform activities regardless of the results of the mental status examinations." However, the ALJ did not summarily reject Dr. Palmer's opinion solely on the basis of Dr. Palmer's proclivity for finding marked impairments across other cases, but also relied on the fact that Dr. Palmer's opinion was inconsistent with his own report and with the findings of Dr. Medina and Dr. Dowlut. Therefore, the ALJ relied on several factors in assigning weight to Dr. Palmer's opinion.

The Court further notes that the impairments created by Plaintiff's November 2006 motor vehicle accident occurred well after the period for which Plaintiff was insured for disability insurance benefits. Accordingly, any such impairments are not considered to be severe. See 20 C.F.R. § 404.131. The Court expresses no opinion as to whether the impairments caused by the November 2006 accident would render Plaintiff eligible for benefits under the Act.